Battle, J.
 

 The words which the defendant uttered in speaking of the plaintiff, are clearly not actionable in themselves. They are not so strong as to say of a man that he is foresworn, or that he has taken a false oath, generally, and without reference to some judicial proceeding, which it was said in
 
 Brown
 
 v.
 
 Dula,
 
 3 Murph. Rep. 574, had been established by along series of decisions, not to be actionable. But though such words be not of themselves actionable, yet they may become so, if, by proper averments and proofs, it can be shown that they had reference to some judicial proceeding in which the plaintiff had been sworn, and that the defendant intended to impute to him the crime of perjury. Here, supposing all the necessary averments to be contained in the declaration, the proof fails to show that the defendant spoke of any judicial proceeding, or that the plaintiff had been sworn in any such proceeding. The witnesses testified indeed, that they understood the defendant to refer to a suit between Shaw and one Robert Me-bane ; but they did not state that he mentioned the suit, and it appears that the plaintiff was not sworn in it at all. The proof, then, did not sustain the averment, and of course, the action must fail.
 
 Sluder
 
 v.
 
 Wilson,
 
 10 Ire. Rep. 92;
 
 Sasser
 
 v.
 
 Rouse,
 
 13 Ire. Rep. 142 ;
 
 Jones
 
 v.
 
 Jones,
 
 1 Jones’ Rep. 495. The cases of
 
 Sugart
 
 v.
 
 Carter,
 
 1 Dev. and Bat. Rep. 8, and
 
 Chambers
 
 v.
 
 White,
 
 2 Jones’ Rep. 383, referred to by the plaintiff’s counsel, differ from this in the essential particular*, that in them, the 'words used were actionable in themselves, as they imputed to the plaintiff the commission of capital felonies.
 

 Per Curiam.
 

 The judgment of non-suit must be affirmed.